UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS PRATT, 98-B-0625,

                Petitioner,

     v.

SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY,

                Respondent .
_____

<u>DECISION & ORDER</u>

02-CV-6278P

        Currently pending before the Court are two requests by petitioner to stay this action so that he may return to state court and exhaust additional remedies. (Docket ## 31 and 37). Also pending is respondent's motion to dismiss the petition. (Docket # 33). For the reasons discussed below, the requests for a stay of the action (Docket ## 31 and 37) are denied without prejudice and the motion to dismiss (Docket # 33) is denied.

## **BACKGROUND**

        In his original petition filed on May 8, 2002, petitioner seeks a writ of habeas corpus on the grounds that: (1) he was convicted on less than legally sufficient evidence; (2) the verdict is against the weight of the evidence; (3) the trial court erred by failing to provide the jury with instructions relating to justification; and (4) trial counsel was ineffective for failing to produce a witness. On July 12, 2002, petitioner filed a supplement to his petition (Docket # 5),

claiming that on the day he was sentenced, he learned that his attorney had a "conflict of interest" because he had previously represented the victim's father. Following the receipt of petitioner's supplement, this Court, by Decision and Order dated August 6, 2002, instructed petitioner to review his petition to determine whether he believed all claims were fully exhausted and, if not, to advise the Court whether he wished to proceed on the exhausted claims or preferred to return to state court in order to exhaust such claims. (Docket # 9). Petitioner responded that his "ineffective assistance of counsel claim" was not exhausted. (Docket # 16). Nevertheless, the papers before this Court and the state court records demonstrated that petitioner had previously raised a claim of ineffective assistance of counsel on direct appeal and in two § 440.10 motions. Accordingly, by Decision and Order dated March 20, 2003, this Court directed respondent to Answer both the original petition and the supplement. Respondent thereafter filed an Answer stating, "[w]e make no claim that petitioner has failed to exhaust State remedies." (Docket # 21 at ¶ 19).

## DISCUSSION

I.   **Motion to Dismiss**

Respondent now moves to dismiss the petition on the grounds that it is untimely. Title 28 U.S.C. § 2254 imposes a one-year statute of limitations upon collateral challenges to a sentence by a person in federal custody. The limitations period is counted from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

    Here, petitioner's conviction became final when the time by which he could have sought review by the United States Supreme Court expired. *Walker v. Artuz*, 208 F.3d 357, 358 (2d Cir. 2000) (holding that petitioner's conviction became final "when his time expired to seek direct review by writ of certiorari to the United States Supreme Court"), *rev'd on other grounds sub nom. Duncan v. Walker*, 533 U.S. 167 (2001).  Petitioner was convicted of Murder in the Second Degree and Criminal Possession of a Weapon in the Third Degree on March 9, 1998. Such conviction was unanimously affirmed by the New York State Appellate Division, Fourth Department, on March 29, 2000.  Thereafter, the New York State Court of Appeals issued a certificate denying leave to appeal on June 15, 2000, and petitioner did not seek certiorari to the United States Supreme Court.  The ninety-day period in which petitioner was permitted to seek certiorari expired on September 13, 2000.  At that time, the opportunity for state appellate review ended and petitioner had one year – until September 13, 2001 – to timely file his federal habeas corpus claim, pursuant to 28 U.S.C. § 2254.

The pending petition for a writ of habeas corpus was not filed until May 8, 2002, and would appear to be untimely. It is incumbent upon this Court, however, to consider whether any of the time between September 13, 2000 and September 13, 2001 was "tolled" such that the petition could be deemed timely. "Excluded from the one-year limitations period is '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 244(d)(2)." *Fernandez v. Artuz*, 402 F.3d 111, 112 (2d. Cir. 2005). In determining the time period to be tolled, the Supreme Court has stated that "pending" means "through a period of continuance ... of" or "until the ... completion of." *Carey v. Saffold*, 536 U.S. at 214, 219-20 (2002). "In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." *Id.* at 220. The period of excluded time thus begins from the filing of the state court challenge and runs until the state court ultimately decides the challenge. *Id.*; *see Bennett v. Artuz,* 199 F.3d 116, 119-20 (2d Cir.1999) ("We therefore hold that a state-court petition is "pending" from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures").

Although respondent's motion to dismiss addresses only petitioner's state court post-conviction motion filed June 29, 2001 and decided on September 24, 2001, the state court record appears to suggest that petitioner actually filed two motions to vacate his conviction pursuant to New York CPL § 440.10. The first of the two § 440.10 motions does not appear in the state court record submitted by the respondent. However, in the September 24, 2001 decision denying petitioner's second § 440.10 motion, the trial court made reference to the earlier motion. Specifically, it stated:

> In a series of submissions to this court between December 2000 and February 2001, the [petitioner] requested an order vacating his conviction pursuant to CPL § 440.10 based primarily upon the alleged errors of his counsel. By Decision and Order dated March 2, 2001, the [petitioner's] motion was denied without an evidentiary hearing.

(Docket # 21, Appendix O at 2).

Moreover, in responding to petitioner's second § 440.10 motion, the government referenced the earlier motion, stating

> [Petitioner] previously came before this Court seeking relief pursuant to CPL Article 440. This court denied the [petitioner's] motion in a written Decision and Order dated March 2, 2001. His request for leave to appeal to the Appellate Division is currently pending. On June 29, 2001, [petitioner] again came before this court seeking relief under CPL 440.10.

(Docket # 21, appendix N at 2).[1]

In summary, it appears that Petitioner was convicted on March 9, 1998. Such conviction was affirmed by the Appellate Division, Fourth Department on March 29, 2000. Leave to appeal was denied by the New York Court of Appeals on June 15, 2000, and petitioner's time to seek certiorari with the Supreme Court expired ninety days thereafter, or on September 13, 2000. Subsequently, at some time in December 2000, petitioner filed the first of two § 440.10 motions with the trial court. That motion was denied on March 2, 2001, and petitioner sought leave to appeal. While the appeal was pending, petitioner filed the second § 440.10 motion on June 29, 2001. The second motion was denied on September 24, 2001. Three days later, on September 27, 2001, the Appellate Division, Fourth Department denied petitioner

---

[1] The Clerk of the Court for the New York State Supreme Court, Appellate Division, Fourth Department confirmed that Thomas Pratt requested leave to appeal the denial of the first § 440.10 motion with respect to Indictment Number 644/97. The request to appeal was denied on September 27, 2001.

leave to appeal the first § 440.10 motion.  Finally, petitioner filed the pending petition for a writ of habeas corpus on May 8, 2002.

Assuming without deciding that the shortest possible time period is tolled, that is, that his first § 440.10 motion was filed on the 31st day of December, 2000,[2] petitioner would be entitled to toll the time from December 31, 2000 (the date the first § 440.10 motion was filed) to September 27, 2001 (the date on which leave to appeal the denial of the first § 440.10 motion was denied).  Therefore, out of the year in which he had to file his federal petition, starting on September 13, 2000, as many as 270 days were tolled by petitioner's first § 440.10 motion (109 days had passed before petitioner filed the first § 440.10 motion).  Thus, if the time period to be tolled ended when the appellate court denied leave to appeal the first § 440.10 motion on September 27, 2001, petitioner at that point had a minimum of 256 days remaining in which to timely file.  In other words, petitioner had until June 10, 2002 to file his federal habeas petition.

As noted above, petitioner filed this petition on May 8, 2002, when he placed the petition in the hands of prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 271 (1988); *see also Adeline v. Stinson,* 206 F.3d 249, 251 n. 1 (2d Cir.2000) (*per curiam* ) ("When a prisoner is proceeding *pro se,. . .* federal courts generally consider his or her petition for habeas corpus to have been filed as of the date it was given to prison officials for forwarding to the court clerk").  Accordingly, petitioner filed his petition for a writ of habeas corpus well within the time remaining under the statute of limitations.  Thus, respondent's motion to dismiss the petition as untimely is denied.

---

[2] The information before the Court does not establish the date on which the first request to vacate was filed, only that he made requests in December 2000.

**II.     Requests for Stay**

Also before this Court are two requests by petitioner to stay this action so that he may be afforded the opportunity to return to state court and exhaust his remedies regarding the ineffective assistance of counsel. (Docket ## 31 and 37). Petitioner's motions are curious because he raised an ineffective assistance of counsel claim during the direct appeal of his conviction, as well as in two § 440.10 motions, and has included such claim within his federal petition. Indeed, respondent has not argued that petitioner's claim is unexhausted. It is therefore unclear to this Court why petitioner contends that he must return to state court to exhaust his ineffective assistance of counsel claim and, what, if any, additional unexhausted claims he intends to raise. Adding to this confusion, petitioner has failed to submit a proposed amended petition in which he sets forth his original claims and any unexhausted claims he seeks to add.

The controlling law at the time petitioner's motion was filed was the Second Circuit's decision in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). In that case, the court held that a federal court presented with a mixed petition containing both exhausted and unexhausted claims may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. *Id.* at 381. Six months ago, the Supreme Court affirmed a district court's discretion to issue such a stay, but emphasized that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Specifically, the Court held that a stay is only appropriate when the district court determines that the petitioner had good cause for his failure to exhaust the state court claims, the unexhausted

claims are not "plainly meritless" and there is no indication that petitioner is seeking to extend the litigation for dilatory purposes. *Id.*

In this case, petitioner has moved for a stay, although he has not yet sought leave to file an amended petition or presented the Court with a proposed amended petition. The appropriateness of petitioner's requested stay may be evaluated only by reviewing specific unexhausted claims. Without such a "mixed petition" before it, the Court cannot determine whether the most appropriate course of action would be to stay the petitioner's exhausted claims to allow the opportunity to exhaust additional claims, to permit the withdrawal of the entire petition with leave to re-file a new petition in which the additional claims are raised, or merely to proceed on the original petition. Neither can the Court determine, without reviewing a proposed amended petition, whether the unexhausted claims relate back to the original petition. Because the unexhausted claims have not yet been asserted, they would be time-barred under the one-year statute of limitations, *see* 18 U.S.C. § 2244(d), unless they relate back to the original petition. *See Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) ("Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired"); *Fama v. Commissioner of Corr. Serv.*, 235 F.3d 804, 814-16 (2d Cir. 2000) (relation back doctrine applies to proceedings brought pursuant to 28 U.S.C. § 2254).

Judged under this authority, petitioner's motion and letter request to stay the pending action (Docket ## 31 and 37) are denied without prejudice at this time. Should he wish to include any as yet unexhausted claims, he should file a motion to amend his petition and to stay the proceedings, accompanied by a proposed amended petition. His motion should also demonstrate that a stay is appropriate under the more rigorous standard enunciated in *Rhines* and

that the unexhausted claims relate back to the previously asserted claims.  Such a motion shall be filed by no later than **November 11, 2005**.  Considering the length of time this action has been pending, no further extensions of this deadline shall be granted.  In the event that the required documents are not filed by that deadline, this Court shall decide the five claims asserted in the original and supplemental petition and shall not consider any unexhausted claims.

## CONCLUSION

For the foregoing reasons, it is my decision and order that respondent's motion to dismiss the petition as untimely (**Docket # 33**) is **DENIED**.  It is my further decision and order that petitioner's motion and request (**Docket ## 31 and 37**) to stay the action are **DENIED** without prejudice.  If petitioner intends to raise additional unexhausted claims he must file a motion to amend his petition, accompanied by a proposed amended petition including any unexhausted claims, by **November 11, 2005**.  If petitioner files a proposed amended petition containing both exhausted and unexhausted claims for which he intends to seek a stay, he must also file a motion for a stay by **November 11, 2005**, which addresses the *Rhines* criteria discussed above.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       September  29  , 2005.